Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 1802 | DATE | 7/30/2001 |
| CASE TITLE | Murphy vs. City of Chicago | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendant's motion to dismiss plaintiff's complaint (4-1). Plaintiff is granted leave to file an amended complaint on or before 8/13/01. Status hearing is set to 8/16/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | AUG 01 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| OR | courtroom deputy's initials | 01 JUL 31 PM 4:36 Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEVIN MURPHY, )
)
Plaintiff, )
)
) Case No. 01 C 1802
vs. )
)
CITY OF CHICAGO, )
)
Defendant. )

DOCKETED
AUG 0 1 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Kevin Murphy, a Chicago police officer, has filed an action against the City of Chicago under 42 U.S.C. §1983, alleging that the City has deprived him of property without due process of law. The City has moved to dismiss under Rule 12(b)(6).

According to the complaint, in January 1999, Murphy was found unfit for duty for psychiatric reasons and was placed on leave. This decision was affirmed via the grievance process provided under the collective bargaining agreement between the City and the union representing Chicago police officers. Murphy's paid medical leave expired in August 1999. In October 1999, he applied for disability benefits with the Retirement Board of the Policemen's Annuity and Benefit Fund. After Murphy underwent a series of examinations, a hearing was held; in January 2000, the Board found that Murphy was not disabled and was fit for duty and therefore denied his application for disability benefits. According to the complaint, however, the City has declined to reinstate Murphy, who remains on involuntary unpaid leave of absence, and it has denied him the opportunity to demonstrate his fitness.

Murphy has a property interest in continued employment which is protected by the due process clause of the Fourteenth Amendment. *Cf. Confederation of Police v. City of Chicago*, 547 F.2d 375, 376 (7th Cir. 1977) (concluding that Chicago police officer did not have a property interest in particular job conditions and stating that an officer's property interest is limited to prevention of discharges or suspensions without due process). *See also Buttitta v. City of Chicago*, 9 F.3d 1198, 1204 (7th Cir. 1993). As a result, he cannot be deprived of that interest without an opportunity to be heard.

The City argues that the hearings provided to Murphy during the grievance process satisfied due process. In *Buttitta*, the court addressed a similar argument. The plaintiff, a Chicago police officer, had an ankle injury that caused him to go on disability leave. He was awarded "duty disability" benefits by the Retirement Board, but after several doctors concluded that he could return to work, the Board returned him to the Police Department for reassignment. The Department, however, failed to reinstate him.

The Seventh Circuit concluded that the Board's conclusion that a particular officer is not disabled does not require the Police Department to reinstate the officer, but it held that an officer in Buttitta's position (which is the same as Murphy's) has "a property interest in being returned to the department for an opportunity to demonstrate [his] fitness for active duty." *Buttitta*, 9 F.3d at 1204. If the Department agrees that the disability has ceased, it must follow its procedures for reinstatement. If it disagrees with the Board, it returns the officer to the jurisdiction of the Board. The court construed the applicable Illinois statute as meaning that "a disability ceases only if the Board and the department agree to that effect. Thus, if the Police Department denies reinstatement because of disability ... the Board must continue payment of the benefit." *Id.* In a

2

situation in which the Department denies reinstatement, the officer can also challenge that action through the collective bargaining agreement's grievance procedure. *Id.* The court held that this procedure satisfied due process. *Id.* at 1206.

In seeking dismissal of Murphy's complaint, the City points to Murphy's 1999 grievance hearings and his hearing before the Retirement Board, arguing that those hearings satisfied the City's due process obligation. In *Buttitta*, however, the officer was given an opportunity *after* the Retirement Board's decision to demonstrate his fitness; that is what the Seventh Circuit concluded satisfied due process. Based on the allegations of the complaint, the same is not true here. The passage of time may be significant; it is conceivable that Murphy's condition had improved by the time of the Board's January 2000 decision. Under *Buttitta*, the Retirement Board's decision triggered an entitlement to due process unless the Police Department reinstated Murphy; the hearings and consideration that he got before that decision do not suffice.

The City also appears to argue that the grievance procedures currently available to Murphy are sufficient under *Buttitta*. In *Buttitta*, the Seventh Circuit held that "the post-deprivation grievance procedure outlined in Article 9 of the Collective Bargaining Agreement [between the City and the police officers' union] satisfied the requirements of due process." *Id.* at 1206. There is no question that employee grievance procedures provided by a collective bargaining agreement can satisfy due process in appropriate circumstances. *Winston v. United States Postal Service*, 585 F.2d 198, 209-10 (7th Cir. 1978). But we cannot say on the present record whether the procedures that the City says are available to Murphy are sufficient. The City has attached to its motion an excerpt from the collective bargaining agreement (which we may appropriately consider without converting the City's motion to a summary judgment motion, *see*,

3

*See, e.g., Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 459, 466 (7th Cir. 1998)); the agreement sets up a procedure under which grievances concerning involuntary removal from active duty for psychiatric reasons are determined by a three-member "psychological review panel," one appointed by the union, one by the Department, and one appointed by the other two panel members. Though it does not appear that this is the same type of procedure held in *Buttitta* to satisfy due process – the Seventh Circuit referred to the officer's right to "arbitration" – we are unable to determine that with certainty on the current record.

In *Bauschard v. Martin,* No. 91 C 7839, 1993 WL 79259 (N.D. Ill. Mar. 16, 1993), a pre-*Buttitta* decision, Judge Grady held that a procedure similar to the one that the City says exists for Murphy failed to satisfy due process, because it provided the officer with no "opportunity to in any way challenge the [panel's] determination that he is mentally unfit for police duty." *Id.* at *5. It is unclear whether *Bauschard* survives *Buttitta*; neither the Seventh Circuit's decision nor the district court ruling that the Seventh Circuit affirmed, *see* 803 F. Supp. 213 (N.D. Ill. 1992), describe with specificity the "Article 9" grievance procedures that the court considered sufficient to satisfy due process.

But at present it is premature to address these issues. Currently we are dealing only with the sufficiency of Murphy's complaint. Because Murphy has alleged that the City denied him what *Buttitta* says he is entitled to – an opportunity to demonstrate his fitness following the Board's decision, *see* Cplt. ¶¶32-34 – we must deny the City's motion. The Court suggests that it may be appropriate to dispose of the issue of liability on cross-motions for summary judgment and will address this with counsel at an upcoming status hearing.

The City argues that Murphy should be precluded from challenging any employment

decisions that occurred more than two years before he filed suit, as the statute of limitations governing §1983 cases in Illinois is two years. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). But it is clear from Murphy's complaint that he is challenging the City's actions following the Retirement Board's January 2000 decision that he was not disabled. *See* Cplt. ¶¶30-33. His claim is not time-barred.

There is, however, one significant problem with Murphy's complaint: he has failed to include allegations sufficient to state a claim for the liability of the City. In actions under 42 U.S.C. §1983, a municipality may be held liable only if the alleged constitutional deprivation was caused by a policy, custom, or practice of the municipality, or by a municipal official with final policymaking authority. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Murphy's complaint contains no allegations along these lines. He argues that in *Bauschard*, the court found that the City had a policy of failing to provide hearings for officers declared unfit for duty by the Police Department but found not to be disabled by the Retirement Board. But in *Bauschard* the Court was dealing with a motion to dismiss the complaint that was filed in that case; Murphy must plead his own claim and may not simply rely on what someone in some other case has alleged. The Court must therefore dismiss Murphy's complaint, but we will grant him leave to amend so that he can attempt to cure the defect.

We also agree with the City's argument that the punitive damages claims against the City (set forth in a separate claim, Count 2) are precluded by *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). That separate claim is likewise dismissed.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss plaintiff's complaint [Docket Item 4-1]. Plaintiff is granted leave to file an amended complaint on or before August 13, 2001. The case is set for a status hearing on August 16, 2001 at 9:30 a.m.

                                                                                    _____
                                                                                    MATTHEW F. KENNELLY
                                                                                    United States District Judge

Date: July 30, 2001